UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~

In re
**THE NIRVAIN TRUST**,                          Chapter 7
    Debtor                  Case No. 09-19876-JNF

~~~~~~~~~~~~~~~~~~~~~~~~~~

MEMORANDUM

      Whereas, on October 16, 2009, the Nirvain Trust (the "Debtor" or the "Trust") filed a voluntary Chapter 7 petition; and

      Whereas, the petition was signed by Attorney Simon B. Mann as counsel to the Debtor and by Frances Nemetz ("Nemetz"), Trustee; and

      Whereas, the Debtor listed two creditors, a mortgagee, U.S. Asset Funding, LT [sic], and the Trustees of the Pleasant at Thatcher Sts. Condominium; and

      Whereas, following the issuance of an "Order to Update," the Debtor filed Schedule

A-Real Property in which it represented that it was the fee owner of a condominium unit located at 185 Pleasant Street, Unit B-1, Brookline, MA (the "property") worth $-0- and subject to a secured claim of $-0-, as well as Schedules D and E, setting forth the two claims noted above; and

>Whereas, the Debtor failed to file a Statement of Financial Affairs; and

>Whereas, on November 10, 2009, US Asset Funding LP filed a Motion for Relief from Stay, in which it alleged that the mortgage it holds from the Trust was in the original amount of $65,000, that the mortgage matured on June 3, 2008, that its total claim is in excess of $100,000, and that the value of the Debtor's condominium is $70,000;

>Whereas, Pleasant at Thatcher Sts. Condominium Trust subsequently filed a Motion for Relief from the Automatic Stay, and the Debtor filed Oppositions to both motions; and

>Whereas, the Court heard the Motions and the Debtor's Oppositions on January 6, 2010 and dismissed the Debtor's Chapter 7 case, finding that it was ineligible for bankruptcy relief because it is a Massachusetts nominee realty trust and, moreover, had failed to file its Statement of Financial Affairs; and

>Whereas, on January 7, 2010, the Court issued an Order to Show Cause to Attorney Mann in which the Court considered, inter alia, the following:

>>1) the voluntary petition filed by the above-captioned Debtor together with its Schedules of Assets and Liabilities, which schedules reflect the existence of one asset and two creditors, both which filed motions for relief from the automatic stay;

>>2) the record of proceedings in this case, which reflects that the Debtor failed to appear at the first scheduled meeting of creditors pursuant to 11 U.S.C. §

341(a) and a subsequently scheduled meeting of creditors;

3) the failure of the Debtor to file a Statement of Financial Affairs in accordance with this Court's Order to Update dated October 19, 2009;

4) the motions for relief from the automatic stay filed by US Asset Funding, LP and Pleasant at Thatcher Sts. Condominium Trust and the Debtor's responses to those motions;[1]

5) the statements made by counsel to the Debtor, Simon Mann, Esq., at the hearing held on January 6, 2010 to consider the motions for relief from the automatic stay, including the acknowledgment that the Debtor is a Massachusetts nominee realty trust, not a business trust eligible to be a debtor under the Bankruptcy Code, and the representation that he filed the bankruptcy petition on behalf of the beneficiary of the Nirvain Trust for the sole purpose of saving her home, although the Nirvain Trust is ineligible to be a debtor under 11 U.S.C. §§ 101(9), 101(41) and 109(a); and

6) the Court's order dismissing the Debtor's Chapter 7 case; and

Whereas, the Court scheduled a hearing for February 17, 2010 to consider Attorney Mann's response to the order to show cause why he should not disgorge any fees he received from the Debtor and why he should not be sanctioned pursuant to Fed. R. Bankr. P. 9011 in the amount of the attorneys' fees and costs incurred by counsel to US Asset Funding, LP and Pleasant at Thatcher Sts. Condominium Trust for filing a petition for an ineligible debtor; and

Whereas, on January 28, 2010, after the issuance of the Order to Show Cause and the filing of Statements of Legal Fees and Costs by US Asset Funding, LP and Pleasant at

---

[1] The Court observes that on Schedule A the Debtor ascribed no value to the condominium located at 185 Pleasant Street, Unit B-2, Brookline, Massachusetts, yet in the responses to the motions for relief from stay the Debtor indicated that the property is worth $70,000.

3

Thatcher Sts. Condominium Trust, Michael Lustig, Esq. filed a "MOTION TO VACATE ORDER OF DISMISSAL To REOPEN CHAPTER 7 Case No. 09-19876 To CONVERT SAME TO A CH. 11 To stop the FORECLOSURE SALE Scheduled for February 2, 2010 and to Reinstate the AUTOMATIC STAY" [sic] to which he attached the Declaration of Trust for The Nirvain Trust;[2] and

    Whereas, in the Motion to Reopen, Attorney Lustig argued on behalf of the Debtor that the property was acquired by the Nirvain Trust and mortgaged to US Asset Funding LP "for the sole purpose of obtaining money to be used to obtain funding for the Phoenix Historic Hotel Project" in which Nemetz was involved; that the Nirvain Trust is a business trust, and that the Debtor's case should be converted to Chapter 11, although he did not mention any source of income from which the Debtor could fund a plan of reorganization; and

    Whereas, on January 29, 2010, the Court entered an order treating the Motion to Reopen as a Motion to Reconsider and scheduling the matter for hearing on February 17,

---

[2] The Declaration of Trust provides in relevant part the following:

Except as hereinafter provided in case of the termination of the Trust, the Trustee shall have no power to deal in or with the Trust Estate except as directed by all of the beneficiaries, and with such direction the Trustee shall have full power and authority to borrow money; to sell, mortgage or otherwise dispose of all or any part of the Trust Property; to issue deeds, to foreclose mortgages; to lease all or any part thereof by one or more leases for a term or terms which may extend beyond the date of any possible termination of the Trust; to grant or acquire any rights of easements or enter into any agreement with respect to the Trust property . . .;

4

2010 at the same time as the hearing on the Order to Show Cause directed to Attorney Mann; and

Whereas, at the conclusion of the hearing, the Court, having found and cited authority for its determination that as a nominee realty trust the Debtor was an ineligible debtor, ordered Attorney Mann, as a sanction under Fed. R. Bankr. P. 9011, to disgorge any and all fees received from the Debtor back to the Debtor and also ordered Attorney Mann to reimburse the mortgage lender and condominium association for their attorneys' fees and costs; and

Whereas, on February 26, 2010, this Court, pursuant to 11 U.S.C. § 329(b) ordered Attorney Lustig to show cause why the Court should not review any fees paid to him by the Debtor and enter appropriate orders, including an order requiring him to disgorge all fees paid to him for his failure to properly represent the Debtor; and

Whereas, on March 9, 2010, Attorney Lustig filed a Declaration "Showing Cause Why Reimbursement of Client Zena Nemetz is not Reasonable [sic];" and

Whereas, in his Declaration, Attorney Lustig stated that Nemetz approached him complaining about the lack of communication with her prior counsel, that Nemetz maintained that the Nirvain Trust was a business trust devised for a business purpose, and that Nemetz could not file a personal bankruptcy because "she could not retain her business interest in her current redevelopment project in Connecticut if she were to declare personal bankruptcy;" and

Whereas, Attorney Lustig also indicated in his Declaration that Nemetz "was intent

5

upon filing a motion for reconsideration on the erroneous assertion that the Nirvain Trust was a 'business trust', as she was in fear of losing her primary residence which she pledged as collateral for the loan for her redevelopment project - she did not fund an attempt to recover the actual docket record until later, right before the motion to reconsider the Nirvain Trust's petition was heard by this Court and dispositively ruled upon . . .;"[3] and

Whereas, Attorney Lustig admitted to being unfamiliar with established case law in Massachusetts pertaining to nominee realty trusts, *see, e.g.,* In re Village Green Realty Trust, 113 B.R. 105 (Bankr. D. Mass. 1990), and In re L & V. Realty Trust, 61 B.R. 423 (Bankr. D. Mass. 1986); and

Whereas, Attorney Lustig, in effect blaming his client, stated that Nemetz was being given legal advice by Attorney Laskey in Connecticut, "who appeared to concur with Ms. Nemetz's belief that the Nirvain Trust could be construed as a business trust, and Attorney Lustig presumed that Attorney Laskey might have useful knowledge about the matter;" and

Whereas, Attorney Lustig admitted that he did not contact Attorney Mann and relied upon Nemetz and Attorney Laskey in filing the Motion to Vacate Order of Dismissal with the Court, and he further stated that "in the future, [he would] exercise due diligence in gathering appropriate intelligence to assist in providing his clients with a fuller understanding of their obligations,"

---

[3] The Court interprets this language to mean that Nemetz on behalf of the Nirvain Trust did not pay Lustig before he completed and filed the Motion to Vacate Order of Dismissal.

Now, therefore, upon consideration of the proceedings in this case and the Declaration of Attorney Lustig, the Court hereby orders Attorney Lustig to file a Statement pursuant to Fed. R. Bankr. P. 2016(b) setting forth the amount of money received from the Debtor and/or Nemetz within fourteen (14) days of the date of this order, as well as a fee application in accordance with MLBR 2016-1 .

While Attorney Lustig believes that Nemetz received the benefit of her bargain with him, the Court disagrees.  In the first place, Attorney Lustig had a duty to review the bankruptcy case docket before undertaking his representation of the Debtor.  Had he done so, he immediately would have been apprised of the serious issue involving the eligibility of the Debtor to be a debtor under the Bankruptcy Code.  Indeed, the Court's Order to Show Cause directed to Attorney Mann set forth the myriad problems with the case, as well as applicable Bankruptcy Code sections governing eligibility, together with a reference to the Debtor being "a Massachusetts nominee realty trust."  Accordingly, Attorney Lustig had a duty to research the law applicable to the eligibility of Massachusetts nominee realty trusts to be debtors in bankruptcy cases before filing his Motion to Vacate Order of Dismissal, which the Court treated as a Motion for Reconsideration.  His action exposed Nemetz to considerable risk.  Although the Court did not inquire as to the beneficiaries of the Nirvain Trust, had the Court determined that Nemetz was both a trustee and the sole beneficiary there would have been a merger of title and Nemetz herself could have been deemed the Debtor in these proceedings, an outcome she was loath to contemplate.  *Cf* Houghton v. Szwyd (In re Szwyd), 370 B.R. 882 (B.A.P. 1st Cir. 2007); In

re Medallion Realty Trust, 103 B.R. 8, (Bankr. D. Mass. 1989). Under these circumstances, the services rendered did not benefit the Debtor or Nemetz.

Section 329 of the Bankruptcy Code requires an attorney to disclose all fee arrangements and payments. 11 U.S.C. § 329. Federal Rule of Bankruptcy Procedure 2016, which implements § 329, provides in pertinent part:

> (b) Every attorney for a debtor, whether or not the attorney applies for compensation, shall file and transmit to the United States trustee within 15 days after the order for relief, or at another time as the court may direct, the statement required by § 329 of the Code including whether the attorney has shared or agreed to share the compensation with any other entity. . . . A supplemental statement shall be filed and transmitted to the United States trustee within 14 days after any payment or agreement not previously disclosed.

Fed. R. Bankr. P. 2016(b). Section 329 and the Rule that implements it are mandatory and "are designed to protect both creditors and the debtor against overreaching attorneys." In re Kisseberth, 273 F.3d 714, 721 (6th Cir. 2001). Moreover, section 329 and Rule 2016 provide the Court with authority to assess the reasonableness of fees based upon "the nature, the extent, and the value of such services," in conjunction with "the surrounding facts and circumstances, including the customary fee in comparable cases." See In re Waldo, 417 B.R. 854, 879 (Bankr. E.D. Tenn. 2009)(quoting In re Geraci, 138 F.3d 314, 319 (7th Cir. 2009)).

Because Attorney Lustig has failed to disclose the amount of compensation that he received, this Court cannot judge to what extent he should be required to disgorge his fees. The Court, however, has noted deficiencies in Attorney Lustig's representation of the

8

Debtor, particularly as he admitted he did not review the case docket before filing his Motion and relied on Nemetz's belief and that of a Connecticut attorney, whose familiarity with Massachusetts nominee trusts was not disclosed, as to the Debtor's eligibility to be a debtor.

By the Court,

Joan N. Feeney
United States Bankruptcy Judge

Dated: March 24, 2010
cc: Michael R. Lustig, Esq., U.S.Trustee